**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-1251**

_____

KATHERINE M. LEWIS,

            Plaintiff – Appellant,

        v.

JEREMY P. WALETZKY,

            Defendant – Appellee.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Peter  J.  Messitte,  Senior  District
Judge.  (8:07-cv-02154-PJM)

_____

Argued:  March 23, 2010                 Decided:  April 30, 2010

_____

Before NIEMEYER and SHEDD, Circuit Judges, and James A. BEATY,
Jr., Chief United States District Judge for the Middle District
of North Carolina, sitting by designation.

_____

Order of Certification of a question of law to the Court of
Appeals of Maryland.

_____

**ARGUED:** Paul McCourt Curley, CANFIELD, BAER, HELLER, LLP,
Richmond, Virginia, for Appellant.   H. Kenneth Armstrong,
ARMSTRONG, DONOHUE, CEPPOS & VAUGHAN, CHTD, Rockville, Maryland,
for Appellee.  **ON BRIEF:** Erica C. Mudd, ARMSTRONG, DONOHUE,
CEPPOS & VAUGHAN, CHTD, Rockville, Maryland, for Appellee.

_____

PER CURIAM:

Katherine Lewis appeals from the dismissal of her complaint and from the district court's denial of her motion to reconsider. In her complaint, Lewis alleges that Dr. Jeremy Waletzky, a Maryland-licensed psychiatrist, committed medical malpractice by prescribing to her certain antipsychotic medications during her psychiatric care and treatment. Because Lewis alleges that her injury occurred in Washington, D.C. ("the District"), the District's law would normally apply under Maryland's lex loci delicti rule. However, the district court, under the public policy exception to lex loci delicti, applied Maryland law and dismissed the complaint without prejudice because Lewis failed to comply with the mandatory requirements of Maryland's Health Care Malpractice Claims Act ("the Maryland Act"). See Md. Code Ann., Cts. & Jud. Proc., §§ 3-2A-01, et seq.

Pursuant to Md. Code Ann., Cts. & Jud. Proc., §§ 12-605 and 12-606, we now certify the following question of Maryland law to the Court of Appeals of Maryland:

> Does Maryland recognize the public policy exception, or any other exception, to lex loci delicti based on the Maryland Health Care Malpractice Claims Act, see Md. Code Ann., Cts. & Jud. Proc., §§ 3-2A-01, et seq., which requires a plaintiff to comply with certain mandatory administrative filings prior to filing a medical malpractice lawsuit in a Maryland court?

The answer to this question, which is outcome determinative of this appeal, does not appear to be directly controlled by any

2

Maryland appellate decision, constitutional provision, or statute. We acknowledge that the Court of Appeals of Maryland may reformulate this question. We also emphasize that this question is premised on the factual allegations of Katherine Lewis' complaint which, as explained below, indicate (1) that Jeremy Waletzky provided medical treatment in the state of Maryland to Katherine Lewis; (2) the current lawsuit was brought in federal court in the District of Maryland; and (3) the last act to complete the alleged tort – the injury – was sustained in the District.

Counsel of record for Katherine Lewis is Paul M. Curley, Canfield Baer, LLP, 2201 Libbie Avenue, Suite 200, Richmond, Virginia, 23230. Counsel of record for Jeremy Waletzky is Kenneth Armstrong and Erica C. Mudd, Armstrong, Donohue, Ceppos & Vaughan, Chartered, 204 Monroe Street, Suite 101, Rockville, Maryland, 20850.

I.

Lewis alleges the following facts in her complaint which, for purposes of this appeal, are not disputed. See GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 546 (4th Cir. 2001) (noting that because the case was dismissed pursuant to Rule 12(b), "we assume the facts alleged in the complaint are true").

Lewis, once a resident of the District and currently a resident of Minnesota was formerly a patient of Waletzky. (Compl. ¶ 1 & 6). Waletzky, at all times relevant, was a physician licensed to practice in the State of Maryland and had his office in Chevy Chase or Bethesda, Maryland. (Compl. ¶ 2). From approximately October 2000 until January 2005, Waletzky was Lewis' psychiatrist and treated her at his Chevy Chase office. (Compl. ¶ 6). Waletzky prescribed several psychotropic medications to Lewis, including antidepressants and stimulants, and also prescribed antipsychotic and/or neuroleptic drugs. (Compl. ¶ 7). All of the prescribed medications were filled in pharmacies in the District and ingested by Lewis while she was in the District. Id.

During the treatment period, Waletzky did not diagnose Lewis with any serious mental disorder and never made any diagnosis of Lewis' psychiatric condition. (Compl. ¶ 8). After taking the prescribed antipsychotics, Lewis began experiencing adverse side effects and discontinued her use of these medications. (Compl. ¶ 9). Immediately after experiencing these adverse side effects, Lewis suffered, for the first time in her life, an anxiety attack. Id. She contacted Waletzky who instructed her to continue taking the antipsychotic medications and wrote her additional prescriptions in order for her to "taper off" the antipsychotic medications. Id. While she was

4

"tapering off" the antipsychotic medications, Lewis continued to experience adverse side effects, including extreme jaw tension and clenching, anxiety, and other effects. Id. After completely withdrawing from the antipsychotic drugs, Lewis' side effects persisted and worsened, and she was eventually diagnosed with a permanent neurological disorder known as Tardive Dyskinesia/Dystonia caused by the antipsychotics she had taken. Id.

## II.

Lewis filed this action in the United States District Court for the District of Maryland alleging the medications Waletzky prescribed were inappropriate for her condition, and his treatment breached the standard of care applicable to the use of antipsychotic drugs. Waletzky then moved to dismiss the complaint. Following briefing, the district court, in a written opinion, granted the motion and dismissed the case without prejudice. The district court subsequently denied Lewis' motion for reconsideration.

Waletzky's motion to dismiss was based on Lewis' failure to file her claims with Maryland's Health Care Alternative Dispute Resolution Office as a "condition precedent" to bringing suit. See Md. Code Ann., Cts. & Jud. Proc. § 3-2A-02; see also, Rowland v. Patterson, 882 F.2d 97, 99 (4th Cir. 1989) (en banc)

5

(noting that "Maryland's statutory requirement of arbitration as a precondition to legal action . . . must be honored by federal courts"). Lewis, however, argued that under Maryland's rule of lex loci delicti the law of the District should apply and, therefore, she did not have to comply with the Maryland Act in order to proceed with her claim. The district court, relying on Lab. Corp. of Am. v. Hood, 911 A.2d 841, 848-51 (Md. 2006), found that although under the lex loci delicti rule, the law of the District would normally apply, the law of Maryland applies because the application of the District's law violates a "clear, strong, and important Maryland public policy." Because it found that the law of Maryland should apply, the district court dismissed Lewis' complaint without prejudice for failure to comply with the Maryland Act's mandatory requirements.

## III.

On appeal, Lewis contends that the district court erred in holding under Maryland's lex loci delicti rule that the law of the place of injury – the District – is not the appropriate law to apply. Lewis also contends that although the Maryland Court of Appeals has recognized the public policy exception, it has never applied it in tort cases. See e.g., Erie Insurance Exchange v. Heffernan, 925 A.2d 636, 653-58 (Md. 2007) (holding that the public policy exception to lex loci delicti did not

6

require application of the Maryland cap on non-economic damages or Maryland law on contributory negligence).

In an action based upon diversity of citizenship, as here, the district court must apply the substantive law of the state in which it sits, including the state's choice of law rules. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941). Maryland adheres to the lex loci delicti rule in analyzing choice of law problems with respect to tort causes of action. Erie Insurance Exchange, 925 A.2d at 648-49. Under lex loci delicti, "where the events giving rise to a tort action occur in more than one State, we apply the law of the State where the injury – the last event required to constitute the tort – occurred." Lab. Corp. of Am., 911 A.2d at 845. Although lex loci delicti dictates that the law of the place of injury is to be applied, the Court of Appeals of Maryland has recognized a public policy exception to this general rule that will apply the law of Maryland if the application of the law of the place of the injury violates a "clear, strong, and important Maryland public policy." Id. at 851.

No Maryland appellate decision, constitutional provision, or statute appears to address the precise question presented in this case. The answer to the certified question is outcome determinative of this appeal because Lewis' claim may go forward only if, under lex loci delicti, the District's law should be

applied.[1]  Therefore, the question is properly subject to review by the Court of Appeals of Maryland on certification.[2]

IV.

Accordingly, pursuant to the privilege made available by the Maryland Uniform Certification of Questions of Law Act, we hereby ORDER: (1) that the question stated above be certified to the Court of Appeals of Maryland for answer; (2) that the Clerk of this Court forward to the Court of Appeals of Maryland, under the official seal of this Court, a copy of this Order, together with the original or copies of the record before this Court to the extent requested by the Court of Appeals of Maryland; and (3) that the Clerk of this Court fulfill any request for all or part of the record simply upon notification from the Clerk of the Court of Appeals of Maryland.

QUESTION CERTIFIED

---

[1] Lewis argues that even though this case was dismissed without prejudice, she may nevertheless be without a remedy if the public policy exception to the lex loci delicti rule applies because of the statute of limitations.

[2] Lewis contends that the decision in Erie Insurance Exchange, 925 A.2d 636, dictates that the law of the District should apply.  However, because the facts and circumstances of Erie Insurance Exchange are distinguishable from the facts of this case, we are not convinced that it is controlling.

8